CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD SAMUEL JACKSON ) | |
| Petitioner, ) | Civil Action No. 7:07CV00191 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. James C. Turk |
| Respondent. ) | United States District Judge |

Ronald Samuel Jackson, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The case is presently before the court on the respondent's Motion to Dismiss. For the following reasons, the respondent's motion will be granted in part and denied in part.

### Factual and Procedural Background

On September 2, 2003, the petitioner, Ronald Samuel Jackson, was charged in an indictment with four other defendants for conspiring to distribute and possess with the intent to distribute crack cocaine in the Western District of Virginia. Jackson pled not guilty to the charge in the indictment on January 6, 2004.

The government filed a Notice of Potential Enhanced Punishment, pursuant to 21 U.S.C. § 851, on April 29, 2004. The notice provided that Jackson was subject to additional penalties due to his prior conviction for a felony drug charge in 1993. Jackson's counsel filed an objection to the government's information on May 24, 2004, on the ground that it failed "to properly state the previous convictions to be relied upon by the government in seeking an enhanced punishment" in the case. (Def.'s Objection at 1).

Following a two-day trial, the jury returned a verdict, on May 7, 2004, finding Jackson

guilty of the conspiracy charge in the indictment. On December 1, 2004, this court held Jackson's sentencing hearing. At the hearing, the government construed Jackson's counsel's May 24th objection as an objection to his underlying conviction, pursuant to 21 U.S.C. § 851(c), and presented evidence to show that Jackson was previously convicted as alleged.[1] At the conclusion of the hearing, the court entered judgment on the verdict and, enhancing Jackson's sentence pursuant to 21 U.S.C. § 841(b), sentenced Jackson to a period of 240 months of incarceration.

Jackson filed a timely notice of appeal on December 7, 2004. The Fourth Circuit Court of Appeals affirmed Jackson's conviction and sentence on February 7, 2006. The Fourth Circuit denied Jackson's petition for rehearing and rehearing en banc, and its judgment, entered on February 7, 2006, took effect on March 15, 2006.

Jackson filed the instant § 2255 motion on April 16, 2007, raising the following grounds for relief:

1. The court unconstitutionally enhanced Jackson's sentence by deviating from the procedure set forth in 28 U.S.C. § 851.

2. Jackson's counsel provided ineffective assistance because:
   (A) counsel provided erroneous advice regarding the requirements of a guilty plea, and
   (B) counsel failed to object to the court's alleged deviation from the procedural requirements of 21 U.S.C. § 851(b).

The United States filed a Motion to Dismiss on July 16, 2007. The clerk of court sent Jackson a notice of the government's motion to dismiss pursuant to Roseboro v. Garrison, 528

---

[1] At the sentencing hearing, the government offered the following exhibits: 1) The felony drug charge conviction that was referred to in the government's § 851(a) motion; 2) A comparison of Jackson's fingerprints from the former conviction; 3) The actual fingerprint card from when Jackson was arrested in former conviction; and 4) Jackson's fingerprint card for the instant case. (Sent. Tr. at 8).

2

F.2d 309, 310 (4th Cir. 1975), in which he was notified of his opportunity to file a response to the government's motion within twenty days. Because Jackson did not file a response and twenty days have passed, the government's motion is now ripe for review.

## Standard of Review for Claims Brought Under 28 U.S.C. § 2255

Title 28, United States Code, Section 2255 is designed to correct fundamental constitutional or jurisdictional errors which would otherwise result in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2000).

Because a habeas petition is a civil action, the burden of proof is upon the petitioner to establish the allegations of his motion by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir.1965). A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief, United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), or are so "palpably incredible" or "patently frivolous or false as to warrant summary dismissal." Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal citations omitted). Nevertheless, because he has filed his Motion pro se, the Petitioner is entitled to have his petition and asserted issues construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

## Discussion

### I. Jackson's Claim that His Sentence Was Unconstitutionally Enhanced

Jackson first asserts that the court unconstitutionally enhanced his sentence because it deviated from the procedures set forth in 21 U.S.C. § 851(b). He claims that the trial record does not contain the required colloquy between himself and the sentencing judge and as a result, the court "was devoid of jurisdiction to sentence [him] to an enhanced sentence." (Petr.'s Brief at 3).

A defendant convicted under 21 U.S.C. § 841 is subject to an enhanced sentence if he has a "prior conviction for a felony drug offense." 21 U.S.C. § 841(b) (2000). Title 21 United States Code Section 851 provides procedural requirements that must be followed prior to enhancing a defendant's sentence under § 841, in order to afford the defendant "with a full and fair opportunity to establish that he is not the previously convicted individual or that the conviction is an inappropriate basis for enhancement under section 841." United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992). Section 851(a) provides that

> no person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (2000).

If the United States Attorney files an information under this section, section 851(b) states that

> the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

4

21 U.S.C. § 851(b).

Section 851 also contains a statute of limitations for challenging the validity of a prior conviction. Section 851(e) provides that

> [n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occured more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e).

In its motion to dismiss, the United States argues that Jackson failed to raise this issue on direct appeal and therefore, Jackson's claim is barred by procedural default. The general rule in cases brought under 28 U.S.C. § 2255 is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review. Sanchez-Llamas v. Oregon, 126 S.Ct. 2669, 2682 (2006). There is an exception to this rule, however, if a defendant can demonstrate both "cause" for not raising the claim on appeal, and "prejudice" from not having done so. Id. Jackson asserts that he "need not show 'cause' to justify his failure to raise such a claim in earlier proceedings" because his claim is a jurisdictional claim. (Petr.'s Brief at 4).

While it is true that subject-matter jurisdiction, because it involves a court's power to hear a case, can never be waived, United States v. Cotton, 535 U.S. 625, 630 (2002), Jackson's argument is misplaced. As the Fourth Circuit has noted, the language of 21 U.S.C. § 851

> does not confer jurisdiction or limit it, nor does it make the court's jurisdiction conditional. Rather, it imposes a condition on "*increased punishment* by reason of one or more prior convictions." [21 U.S.C. § 851(a)(1)] (emphasis added). Regardless of whether the condition is met, a district court derives its jurisdiction to determine the issue of increased punishment from 18 U.S.C. § 3231, which provides that the federal district courts have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

United States v. Beasley, — F.3d —, No. 04-4107, 2007 2121722, at *3 (4th Cir. July 25, 2007).

5

Case 7:07-cv-00191-JCT-JGW   Document 12   Filed 09/06/07   Page 5 of 9   Pageid#: 73

Accordingly, Jackson must show "cause" for not raising Claim 1 on appeal, and "prejudice" from not having done so, in order to avoid procedural default. Because he fails to do either, Claim 1 is dismissed.

## II. Jackson's Ineffective Assistance of Counsel Claims

Jackson's next claim for relief is that his counsel provided constitutionally ineffective assistance by: A) providing erroneous advice regarding the requirements of entering a guilty plea and B) not objecting to the district court judge's failure to conduct a section 851(b) colloquy. For the following reasons, the Court will refer the matter for an evidentiary hearing on Claim A and will dismiss Claim B.

To prove that counsel's assistance at trial was so defective as to require reversal of his conviction, a petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, under the performance prong, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. The petitioner must overcome a strong presumption that counsel's strategy and tactics fall "within the range of competence demanded from attorneys defending criminal cases." Id. at 689; United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004). Second, under the prejudice prong, the petitioner must demonstrate "a reasonable probability" that but for counsel's errors, the result reached by a reasonable and impartial fact finder would have been different. Strickland, 466 U.S. at 694-95. If it is clear that the petitioner has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

6

## A. Jackson's Claim That Counsel Was Ineffective for Providing Erroneous Advice Regarding Guilty Plea Requirements

Jackson claims that his counsel provided constitutionally ineffective assistance because counsel provided erroneous advice regarding the requirements of entering a guilty plea. Specifically, Jackson asserts that "he did not want to plead not guilty," and would have pled "guilty" had his counsel not informed him that "he could only enter a plea of guilty if he cooperated with the government and testified against his co-conspirator(s)." (Petr.'s Brief at 6). As a result, Jackson claims that his plea of not guilty was unintelligent and involuntary. He claims that he was prejudiced by his counsel's actions in that, had his plea of guilty "been lodged at the outset of this case, he would not have been subject to the §851 enhanced penalty."[2]

Jackson's counsel, by affidavit, states that when he first met with Jackson, he advised Jackson of his right to plead guilty or not guilty, but "never told the Defendant that he had to testify against his co-defendants or co-conspirators in order to enter a plea of guilty." (Counsel's Aff. at 3). According to counsel, at their first meeting, "the Defendant advised [counsel] of his desire to plead not guilty and to contest the charge." (Aff. at 2). Counsel also stated that, "[a]t no point prior to the trial of this matter did the Defendant ever advise [counsel] of his desire to plead guilty to the charge." (Aff. at 2). Rather, "the Defendant maintained his innocence of the charge" through the jury trial, "denied any involvement in the conspiracy to distribute "crack" cocaine with any of his co-defendants or co-conspirators, and instructed [counsel] to pursue any and all avenues of defense." (Aff. at 3).

---

[2] Jackson also asserts that had he pled guilty, he could have earned a two-point reduction for acceptance of responsibility under § 3E1.1(a) of the United States Sentencing Guidelines. At Jackson's sentencing hearing, however, this court awarded Jackson the two-point reduction after finding that Jackson cooperated with the government after his conviction and furnished information to the investigating officer.

7

In light of Jackson's allegation and his trial counsel's conflicting affidavit, the court is unable to properly evaluate the validity of this claim on the record as it currently exists. Therefore, the court will refer Claim 2A for an evidentiary hearing the issue of whether Jackson's counsel provided erroneous advice regarding the requirements of entering a guilty plea.

### B. Jackson's Claim that Counsel Was Ineffective For Failing to Object to the Court's Alleged Deviation From the Procedural Requirements of 21 U.S.C. § 851(b)

Jackson claims that his counsel provided ineffective assistance by not objecting to the court's failure to conduct a colloquy attending his sentencing enhancement, pursuant to § 851(b).

Notwithstanding whether counsel's failure to object was reasonable, Jackson has failed to establish prejudice under Strickland's second prong. First, Jackson never offered grounds to question the validity of the prior conviction, even though he had ample notice of the government's intention to seek the enhancement.[3] Second, even though Jackson did not challenge his former conviction, the government offered evidence at trial to show that Jackson was previously convicted as alleged. Finally, even if the court had conducted a § 851(b) colloquy pursuant to counsel's objection, Jackson was barred from challenging his 1993 conviction by the five-year statute of limitations set forth in § 851(e).[4] Accordingly, Jackson was not prejudiced by his counsel's failure to object to the court's procedural deviation from § 851(b). Claim 2(B) is

---

[3] When the government presented evidence at Jackson's sentencing hearing to show that Jackson was previously convicted as alleged, Jackson failed to offer any evidence in rebuttal. Jackson also failed to contest the former conviction when given an opportunity to make a statement on his behalf or present evidence in mitigation of punishment. When asked whether there was anything he would like to tell the Court, Jackson replied: "Other than having mercy on the rest of my life, no." (Sent. Tr. at 11).

[4] At the sentencing hearing, Jackson's counsel asserted that this conviction actually occurred in 1994. Whether the conviction took place in 1993 or 1994 is irrelevant to finding it barred from challenge under § 851(e). In either case, Jackson's conviction occurred more than five years before the government sent Jackson an information pursuant to 21 U.S.C. § 851(a).

8

therefore dismissed.

## Conclusion

For the reasons stated herein, the court will grant the respondent's motion to dismiss Claims 1 and 2(B). The court refers Claim 2(A) to United States Magistrate Judge James G. Welsh for an evidentiary hearing on the issue of whether Jackson's counsel provided erroneous advice regarding the requirements of entering a guilty plea.

The Clerk is directed to send copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 5th day of September, 2007.

*/s/ James C. Turk*
Senior United States District Judge