CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 1 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD SAMUEL JACKSON,<br>Petitioner, | Civil Action No. 7:07-cv-00191 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Ronald Samuel Jackson, a federal inmate proceeding pro se, brought this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. After granting the government's motion to dismiss as to all but one of petitioner's claims of ineffective assistance of counsel, the undersigned referred the matter to the Hon. James G. Welsh, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Welsh appointed counsel for Jackson, conducted an evidentiary hearing, and prepared a Report and Recommendation ("Report"), finding facts and recommending that the motion to dismiss be granted as to Jackson's remaining claim. Jackson, through counsel, has filed timely objections to Judge Welsh's Report; the government has not filed any objections. Upon de novo review of the pertinent parts of the Report and the record, the court concludes that Jackson's objections to the Report must be overruled, the Report will be adopted, and the motion to dismiss will be granted.

I

Jackson was charged in September 2003 in a one count indictment with conspiring to distribute and to possess with intent to distribute 50 or more grams of crack cocaine. He pleaded not guilty, but was convicted after a jury trial in May 2004 and sentenced on December 1, 2004, to 240 months imprisonment. Jackson appealed. The United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment in February 2006.

Jackson, proceeding pro se, filed his § 2255 motion in April 2007, setting forth the following grounds for relief: (1) illegal sentence because the court deviated from statutory requirements in enhancing petitioner's sentence based on a prior conviction; and (2) counsel provided ineffective

1

assistance (a) by inaccurately advising petitioner that he could only plead guilty if he testified against his co-conspirators and (b) by failing to object regarding the enhanced sentence. Jackson alleged that he had told counsel from the beginning that he wanted to plead guilty for sentencing benefits, but because of counsel's erroneous advice, he decided to proceed to trial. Thereafter, the government filed a notice, pursuant to 21 U.S.C. § 851, of its intent to seek enhancement of Jackson's sentence. Because of this enhancement, Jackson received a 20-year sentence. The court granted the government's motion to dismiss as to Claims 1 and 2(b), but denied the motion as to Claim 2(a). At the evidentiary hearing on this claim, Judge Welsh heard testimony from Jackson and from his former trial counsel, Timothy S. Coyne. The judge then filed his Report and Recommendation, and Jackson, through counsel, filed timely objections.

II

To prove that counsel's assistance was so defective as to require reversal of his conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689. Second, to show prejudice, petitioner must prove facts "sufficient to undermine confidence in the outcome" of the trial proceedings. United States v. Sanchez, 984 F.2d 769, 772 (7th Cir. 1993). In this case, Jackson needs to prove "a reasonable probability" that but for counsel's allegedly erroneous advice regarding guilty plea options, Jackson would have pleaded guilty. See, e.g., Hill v. Lockhart, 474 U.S. 52, 59 (1985). If it is clear that petitioner has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697. In order to obtain relief under § 2255, Jackson bears the burden of establishing, by a preponderance of the evidence, facts that satisfy this legal standard. Miller v. United States, 261 F.2d 546, 546 (4th Cir. 1958).

2

In the Report, Judge Welsh found the evidence to be overwhelming that Jackson "consistently, and without equivocation, protested his innocence and currently continues to maintain that he did not participate in the charged offense," and that "[i]t is equally clear from the evidence that [Jackson] never expressed to his attorney any interest or desire to plead guilty." The Report first determined that counsel's assistance to Jackson was professionally competent and resulted from reasonable professional judgment, noting that "the reasonableness of trial counsel's actions is often determined, or substantially influenced, by the defendant's own statements or actions." Strickland, 466 U.S. at 691. Second, the Report found that Jackson's evidence failed to prove prejudice under the Strickland standard. Specifically, Judge Welsh found that Jackson's own testimony was "self-serving, subjective, and patently inconsistent with what he told the probation officer in May 2004" (that he was not guilty of conspiring with anyone to deal in crack cocaine) and that moreover, Jackson failed to offer corroborating testimony from Isaac Wright, a family friend and paralegal who was intimately involved in the preparation of Jackson's defense and received communications about the case directly from counsel.

In his objections to the Report, Jackson first asserts that he has proven by a preponderance of the evidence that counsel failed to advise him properly regarding the benefits of pleading guilty. Jackson is no longer pursuing his original claim that counsel squelched his early intentions to plead guilty by improperly advising him that a guilty plea was only possible if he also agreed to testify against co-defendants.[1] Instead, Jackson asserts two new claims: (1) that counsel did not clearly explain to him that if he went to trial, he faced a twenty-year mandatory minimum sentence under 21 U.S.C. § 841(b) based on Jackson's previous drug conviction; and (2) that counsel did not clearly explain to him that he could net a ten-year mandatory minimum sentence instead, if he pleaded guilty before the government filed a notice under 21 U.S.C. § 851 of its intention to seek an enhanced sentence.

---

[1] In any event, this claim clearly fails, as Judge Welsh found Jackson's testimony to this effect to be patently incredible, and Jackson does not dispute his finding.

3

In the Report, Judge Welsh found the evidence to be overwhelming that Jackson "consistently, and without equivocation, protested his innocence and currently continues to maintain that he did not participate in the charged offense," and that "[i]t is equally clear from the evidence that [Jackson] never expressed to his attorney any interest or desire to plead guilty." The Report first determined that counsel's assistance to Jackson was professionally competent and resulted from reasonable professional judgment, noting that "the reasonableness of trial counsel's actions is often determined, or substantially influenced, by the defendant's own statements or actions." Strickland, 466 U.S. at 691. Second, the Report found that Jackson's evidence failed to prove prejudice under the Strickland standard. Specifically, Judge Welsh found that Jackson's own testimony was "self-serving, subjective, and patently inconsistent with what he told the probation officer in May 2004" (that he was not guilty of conspiring with anyone to deal in crack cocaine) and that moreover, Jackson failed to offer corroborating testimony from Isaac Wright, a family friend and paralegal who was intimately involved in the preparation of Jackson's defense and received communications about the case directly from counsel.

In his objections to the Report, Jackson first asserts that he has proven by a preponderance of the evidence that counsel failed to advise him properly regarding the benefits of pleading guilty. Jackson is no longer pursuing his original claim that counsel squelched his early intentions to plead guilty by improperly advising him that a guilty plea was only possible if he also agreed to testify against co-defendants.[1] Instead, Jackson asserts two new claims: (1) that counsel did not clearly explain to him that if he went to trial, he faced a twenty-year mandatory minimum sentence under 21 U.S.C. § 841(b) based on Jackson's previous drug conviction; and (2) that counsel did not clearly explain to him that he could net a ten-year mandatory minimum sentence instead, if he pleaded guilty before the government filed a notice under 21 U.S.C. § 851 of its intention to seek an enhanced sentence.

---

[1] In any event, this claim clearly fails, as Judge Welsh found Jackson's testimony to this effect to be patently incredible, and Jackson does not dispute his finding.

Jackson never formally moved for amendment of his § 2255 claims to add these two new claims.² Nevertheless, while the Report does not spell out these allegations as "claims" or address them explicitly as such, it is clear that Judge Welsh considered these allegations in finding that Jackson's evidence did not establish ineffective assistance related to the possibility of a guilty plea. The Report expressly found, among other things, that "[t]he evidence does not support the contention that trial counsel failed to [convey] relevant plea information to petitioner" and that "[n]o reasonable probability was shown that the petitioner ever intended to plead guilty." Moreover, the evidence noted in the Report and in the exhibits strongly supported the Report's findings. Judge Welsh noted Jackson's admission that at the first meeting with trial counsel on December 31, 2003, he was told that he faced a sentence of ten years to life and that his prior drug conviction "might [put him] into a different [sentencing] category." The Report also noted that Jackson admitted his understanding of the potential sentencing impact of an "851 filing." Counsel's letter dated February 12, 3004, reviewed in writing the oral discussions counsel and Jackson had had at a January 30, 2004 meeting; this discussion included the fact that based on co-defendants' expected testimony, Jackson could face a sentencing range as high as 360 months to life in prison and the fact that the charge itself carried a mandatory minimum sentence of ten years. (Hearing Exhibits, Dkt. No. 21, Pet. Exh. 1). It is thus clear from the letter that Jackson must have known he faced a long sentence if convicted at trial, but was focused on avoiding even the ten-year minimum sentence, as he believed he was innocent and could offer evidence at trial to discredit and disprove the government's evidence of conspiracy.

Furthermore, it is undisputed that Jackson told counsel to "run everything through Mr. Wright." For this reason, counsel sent an email to Wright (and not to Jackson) on April 29, 2004, at 9:27 a.m. about the 851 notice:

Isaac– I left a message at your office yesterday. Your cellphone mailbox was full.

---

²The new claims arguably do relate back to statements in Jackson's pro se § 2255 motion itself. He asserts in his memorandum at page 9, "Jackson would yet have circumvented the § 851 enhancement had trial counsel merely . . . advised him properly so he could have entered his open plea of guilt prior to the filing of the government's notice pursuant to § 851(a)." (Pet. Mem. Supp., Dkt. No. 1, at 9).

4

> I spoke with the AUSA this morning. He intends to file the 851 information today alleging the prior conviction. That raises the mandatory minimum to 20 years if there is a conviction. He asked again if there was any chance of a plea and I told him no.

Dkt. No. 21, Plaintiff's Exh. 2. The Report notes at Footnote 4 that at the hearing, Jackson "denied that he was either apprised of the content of this email or that it was discussed when [he, counsel, and Wright] met for approximately seven hours" on May 3, 2004, to prepare for the trial on May 5. The cursory nature of the email message strongly supports a conclusion that counsel had discussed the 851 notice and the plea agreement possibilities in much more detail on earlier occasions with Wright and Jackson. Yet, Jackson did not call Wright to testify at the hearing to corroborate Jackson's own testimony that these topics were never discussed with him. The undersigned finds that the facts support Judge Welsh's conclusions that counsel's representation was reasonable and that Jackson's not guilty plea was knowing and voluntary.

Jackson also argues that Judge Welsh erroneously relied on Jackson's continued protestations of innocence as proof that Jackson did not show prejudice under Strickland. In Footnote 6, the Report noted that Jackson's "long-standing and unqualified claims of innocence demonstrate an inability on his part to acknowledge under oath as part of a regular Rule 11 colloquy that he was in fact guilty of the charged offenses." Contrary to Jackson's objections, in finding no showing of prejudice, Judge Welsh's report did not rely solely on Jackson's inability to admit guilt. The Report found it "clear from the evidence that Jackson never expressed to his attorney any interest or desire to plead guilty." As stated, Judge Welsh found Jackson's testimony about his pretrial misunderstanding of his guilty plea options to be incredible and uncorroborated. Moreover, the undersigned is in full agreement with Footnote 6 of the Report. No, Rule 11 does not require the defendant to admit guilt if the government presents a factual basis for the guilty plea. Nevertheless, the undersigned has nearly always found that the defendant's inability to admit guilt under oath demonstrates sufficient hesitancy to prevent a finding that the guilty plea is knowing and voluntary.

For these reasons, the court agrees with Judge Welsh's finding that Jackson failed to carry his burden of proving by a preponderance of the evidence that counsel offered ineffective assistance

with regard to his sentence exposure, the plea bargain offer, or his not guilty plea. The court will adopt the Report and dismiss all Jackson's remaining claims for relief under § 2255. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the parties.

ENTER: This 31st day of March, 2008.

/s/ James C. Turk
Senior United States District Judge